This suit arises out of an accident which occurred at a railroad crossing known as McCall Crossing, in the Parish of Ascension, when a Texas and Pacific Railroad train operated by its Engineer, E.G. Campbell, struck a truck operated on behalf of Churchill and Thibault, by one C.W. Tschirn. It is shown that the accident occurred on December 19, 1944, at 11:45 a.m., and that said McCall Crossing is situated near a sugar factory, and that many trucks and other vehicles during that season were travelling over that particular crossing, which runs east and west, in order to enter Louisiana Highway No. 168, a main highway paralleling the T. P. R. R. tracks running north and south. In the rear of the truck was a passenger named Melvin Joseph Hebert, a seventeen year old boy, who as a result of the train running into and striking the truck on the crossing, sustained injuries resulting in his death a few hours thereafter. His parents, Mr. and Mrs. Rene Hebert, have brought this action against the railroad company and its engineer, alleging that the accident was caused solely by the negligence of the railroad company and its engineer, setting forth particular acts of negligence, and, in the alternative averring that in the event that negligence was found on the part of the driver of the truck, that such negligence could not be imputed to their deceased son, who was in the rear of the truck and had no opportunity of in any manner exercising any control or supervision of the truck. Plaintiffs aver that their son worked with them on their farm and "Thus managed to support the family by their combined efforts", and that "Occasionally * * * obtained outside work and * * * turned over his entire earnings to his parents". They aver further that he was "an affectionate *Page 152 
and good boy and was dearly beloved by his parents", and that his death completely prostrated them, and has caused them great mental anguish.
They pray for damages in the sum of $35,000, itemized as follows: $5,000 for pain prior to his death, $10,000 for loss of love and affection, $10,000 for mental anguish, and $10,000 for loss of their son's earning and support.
The Employers' Liability Assurance Corporation, Ltd., intervened in the suit, alleging that the deceased, at the time of his accident, was in the course and scope of his employment by Churchill and Thibault and that his employment was such as has been declared hazardous under the Workmen's Compensation Laws; that it, as the insurer of said employer, had, prior to the suit, paid certain medical and funeral benefits and compensation to the decedent's parents as his dependents and had recognized its obligations to pay additional compensation to them, and said intervenor, setting forth similar allegations as contained in the petition of plaintiff, alleges that the defendants are liable for the accidental death of young Hebert and prays for judgment for the amount heretofore paid by it and amounts due hereafter, together with an attorney's fee for instituting the intervention.
The defendants deny all the material allegations of the petitions of plaintiff and intervenor, and particularly that they were negligent in any manner, and aver that the accident was caused solely and entirely by C.W. Tschirn, the truck driver, in driving the truck (a) without stopping at the crossing, (b) in failing to maintain any proper lookout, (c) failing to heed or hear the ringing of the bell and sounding of the whistle of the approaching train, (d) in failing to have his truck under proper control, and (e) in driving the truck across the tracks in a wanton and heedless manner. In the alternative, should it be found that the defendants were in any way negligent or at fault, and that the accident was not caused solely by the negligence of C.W. Tschirn, they aver that Tschirn was negligent in the respects set forth, and, in effect, that such negligence must be imputed to young Hebert, his passenger, and in the further alternative they plead that young Hebert was guilty of independent negligence which contributed to the accident in that if it be found that in his position in the truck he could not exercise control or supervision of the truck, then in that event he was negligent in placing himself in such dangerous position well knowing the danger of the situs of the accident.
After trial of the case, the trial judge rendered judgment as follows: (1) To plaintiff Rene Hebert the sum of $6,750 plus the additional amount of $251.35 for funeral expenses, and the additional sum of $107.50 for medical and hospital expenses, or a total of $7,108.85, (2) To plaintiff Mrs. Rene Hebert the sum of $6,750.00. (3) To Intervenor, Employers' Liability Assurance Corporation, Ltd., the amount of $107.50, to be paid by preference out of the award of Mr. Rene Hebert, and the sum of $250.00 as Attorneys' fees for prosecuting the intervention to be paid by preference and in equal proportions out of the awards to Mr. and Mrs. Rene Hebert. (4) Said judgment to be in solido against the Texas Pacific Railroad Company, E.G. Kimball, its Engineer, and to carry legal interest from judicial demand, until paid, and all costs. Defendants have appealed.
On the question of personal liability, the trial judge states that he was left with no doubt in his mind from the testimony of the witnesses, that while the truck driver might have been quilty of contributory negligence, the deceased boy, who was riding on the rear of the truck, which truck was enclosed, could not conceivably be charged with direct or independent negligence. He states that the negligence of the railroad company consisted in its creating an extremely dangerous situation and thereafter taking no precautions against the occurrence of just such an accident; that McCall Crossing is subject to very heavy vehicle traffic during the cane season, to the knowledge of the railroad; and that on the morning of the accident freight cars were spotted on both the east and west sides of this crossing at a distance of less than 60 feet from the crossing, although the railroad witnesses testified that the closest freight car on the west side was 65 feet to 70 feet from the road. The *Page 153 
trial judge calls attention to the fact that one of the railroad company brakemen admitted that it was the practice of the railroad for a brakeman to act as flagman if freight cars were spotted closer than 60 feet to a railroad crossing. The trial judge was convinced from the evidence that there was a failure to give a timely warning signal.
[1] In other words, we can find no error in the finding of fact of the trial judge that the railroad was guilty of gross negligence in spotting cars on this heavily travelled crossing, entirely for its own convenience, at a distance of from 40 feet to 45 feet thereof, without taking the precaution of having a flagman to warn approaching traffic of the dangerous situation existing, and that the engineer, well knowing that this was a heavily travelled crossing, and well knowing that these cars were spotted on both sides, was guilty of gross negligence in proceeding at a rapid pace, without stopping, or even slowing down, at said crossing, and as a result, crashing into the rear of the truck wherein the decedent was present.
[2, 3] In so far as the negligence of the truck driver is concerned, we do not feel that it is very material, for the reason that such negligence cannot be imputed to young Hebert. Young Hebert, as is shown by the evidence, was in the rear of the truck, which was enclosed, and had no way whatsoever of supervising or controlling the actions of the truck driver. In so far as independent negligence on his part is concerned, we feel that that contention is without merit, for the reason that whether he was placed in his position by his employer or by reason of his employment, or whether he himself assumed that position, he had no reason to fear or anticipate that he was in a dangerous position. It is very true that he was well acquainted with McCall Crossing and with the surrounding country, but it was not foreseeable to him that the railroad company would create a dangerous emergency as they did in this case, or that he was placing himself in any danger by being in the rear of this truck.
We cannot find any error in the findings of fact by the trial judge, that the railroad company was guilty of gross negligence in causing this accident nor in his finding of the fact that the deceased was free of any negligence contributing to it.
[4] As to the quantum of damages, we note that the trial judge has based his award on the cases of Keowen v. Amite Sand Gravel Co., La. App., 4 So.2d 79; Bateman et ux. v. Louisiana Highway Commission, La. App., 4 So.2d 607; Brown Y. Homer-Doyline Bus Lines, La. App., 23 So.2d 348; Boykin v. Plauche et al., La. App., 168 So. 741, 746; Id., La. App.,169 So. 131; and Levy v. New Orleans , Northeastern R. Co., La. App., 20 So.2d 559. The evidence shows beyond a doubt that young Hebert was an excellent young man of 17 years of age, and that he was of great help to his parents financially, and that he assisted his 'father in the operation of a farm, and in addition thereto secured outside employment contributing his earnings to his parents. It is moreover shown that his mother had been confined to a hospital for the mentally deficient for a while and that she was well on the way to recovery when this fatal accident occurred and undoubtedly the event caused a severe shock to her in her condition and undoubtedly was a severe shock to his father as well. We feel that in the light of the cases cited by the trial court, the judgment as rendered is entirely fair and equitable, and that if anything, in view of the depreciated value of the dollar since the decisions cited, if anything the award should be increased. However, after thorough consideration, we feel that the learned judge of the trial court has done ample justice to the parties concerned, and we will therefore not disturb his judgment
Judgment affirmed. *Page 154